UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH MCCAULEY,                  :    **CIVIL NO. 1:08-CV-0528**
                                  :
              Petitioner          :    (Judge Conner)
        v.                        :
                                  :    (Magistrate Judge Smyser)
WARDEN WILLIAMSON,                :
                                  :
              Respondent          :

**REPORT AND RECOMMENDATION**


On March 24, 2008, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.


The following facts are not in dispute.  On December 21, 2004, the petitioner pled guilty in the United States District Court for the Northern District of New York to possession of an unregistered firearm. *See Doc.7, Exhibit A-4.*  The petitioner was detained in federal custody pending sentencing. *Doc. 7, Exhibit A (Declaration of J.R. Johnson at ¶9).*


On March 21, 2005, the petitioner was sentenced by a state court in New York to imprisonment for a minimum of 3 years 4 months up to ten years after a violation of state probation. *Doc. 7, Exhibit A-6 and Doc. 7,  Exhibit A (Declaration of J.R. Johnson at ¶10).*  The petitioner appeared in state court pursuant to a

writ of habeas corpus ad prosequendum and he was returned to federal custody after he was sentenced. *Doc. 7, Exhibit A (Declaration of J.R. Johnson at ¶10).*

On June 2, 2005, Judge Hurd of the United States District Court for the Northern District of New York sentenced the petitioner to 60 months imprisonment on his federal firearm conviction. *See Doc.7, Exhibit A-4.* Judge Hurd stated in the Judgment that "[t]he Court recommends this sentence run concurrently with the previously imposed state sentence." *Id.*

The Bureau of Prisons (BOP) calculated the petitioner's federal sentence to commence on June 2, 2005, the date that it was imposed. *Doc. 7, Exhibit A (Declaration of J.R. Johnson at ¶14).* The petitioner received credit toward his federal sentence for all time spent in state and federal custody after the date of his federal offense. *Id. at ¶13.* The date of the projected completion of the petitioner's federal sentence is December 22, 2008. *Id.*

In the instant habeas corpus petition, the petitioner is seeking an order compelling the respondent to designate the State of New York Department of Corrections as the place for the petitioner to serve the remainder of his federal sentence so as to effectuate, to the extent still possible, Judge Hurd's

recommendation that his federal sentence run concurrently with his state sentence.

After the petitioner paid the filing fee, by an Order dated April 3, 2008, the respondent was ordered to show cause on or before April 25, 2008, why the petitioner should not be granted habeas corpus relief.  After requesting and receiving an extension of time, on May 2, 2008, the respondent filed a response to the petition for a writ of habeas corpus.

In his response, the respondent asserted that the BOP's calculation of the petitioner's federal sentence, to commence on the date that it was imposed, would allow for concurrent service of his federal sentence with his state sentence but for the fact that the New York Department of Corrections has chosen not to calculate the petitioner's state sentence to run concurrent with his federal sentence.

By a letter dated December 11, 2006, an official with the New York Department of Corrections indicated that pursuant to New York law the petitioner's state sentence will not commence until the petitioner is received at a New York Department of Corrections institution.  *Doc. 7, Exhibit A-7.*  The letter concludes that

"[t]his, in effect, will cause Mr. McCauley's state and federal sentences to run consecutively." *Id.*

The respondent asserted that the BOP does not have jurisdiction over the State of New York and therefore can not determine the date when the petitioner's state sentence will commence. The respondent asserted that the petitioner's claim is not properly presented as a claim against the BOP but rather would properly be presented as a claim against the State of New York seeking an order compelling the State of New York to commence his state sentence so that it can run concurrently to his federal sentence.

The respondent did not address the petitioner's claim that the BOP should designate the State of New York Department of Corrections as the place for the petitioner to serve the remainder of his federal sentence in order to give effect in part to Judge Hurd's recommendation that his federal sentence run concurrently with his state sentence. The fact that the State of New York has refused to commence the petitioner's state sentence until he is received at a state facility appears to be why the petitioner is seeking to have the BOP designate a state facility as the place for him to serve the remainder of his state sentence.

4

By an Order dated May 27, 2008, we directed the respondent to file, within ten days, a supplemental response to the petition addressing the petitioner's claim that the BOP should designate a New York state institution as the place for him to serve the remainder of his federal sentence.  On June 10, 2008, the respondent filed a supplemental response.

18 U.S.C. § 3621(b) concerns the place of imprisonment of a federal prisoner.  That section provides, in pertinent part:

> **Place of imprisonment.**  The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
> > (1) the resources of the facility contemplated;
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> > (4) any statement by the court that imposed the sentence-
> > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate; and
> > (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> . . .

> The Bureau may at any time, having regard for the
> same matters, direct the transfer of a prisoner
> from one penal or correctional facility to
> another.

18 U.S.C. § 3621(b). "The Bureau has wide discretion to designate the place of confinement for purposes of serving federal sentences of imprisonment." *Barden v. Keohane,* 921 F.2d 476, 483 (3d Cir. 1990). However, in making placement decisions the BOP is required to consider each of the factors listed in the statute. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 245 (3d Cir. 2005). The BOP may place the prisoner where it wishes as long as it considers the factors enumerated in § 3621. *Id.* "[I]ndividual determinations are required by § 3621(b)." *Id.* at 247.

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has discretion to designate a state institution as the official facility for service of a federal sentence. *Shumate v. United States of America,* No. Civ. 3:CV-04-2602, 2006 WL 83506 at *4 (M.D.Pa. Jan. 12, 2006). The Bureau of Prisons' Program Statement 5160.05, which deals with the designation of a state institution for service of a federal sentence, provides in part:

> Concurrent service of federal and non-federal
> sentences in a non-federal institution occurs when
> the Bureau designates a non-federal institution
> for service of a federal sentence. Ordinarily,
> the reason for selecting the non-federal
> institution is that primary custody resided with
> the non-federal jurisdiction and the federal

> sentencing court intended its sentence be served
> concurrently with the non-federal sentence.

P.S. 5160.05 at ¶9(a).  The Program Statement further provides

that "[n]ormally, designating a non-federal institution for the

inmate is done when it is consistent with the federal sentencing

court's intent." *Id.* at ¶9(b).


In its supplemental response, the respondent repeats the

main arguments that it made in it initial response to the

petition.  The respondent asserts that normally an inmate who is

designated by the BOP to serve his sentence in a non-federal

institution is an inmate who is seeking federal credit for a

period of time when he was in the primary custody of the state.

The respondent asserts that the petitioner in this case does not

fit that typical pattern because he is and was at all relevant

times in the primary custody of federal officials and his federal

sentence was properly commenced on the date that it was imposed.


We do not disagree with the respondent that the petitioner

is and was at all relevant times in the primary custody of federal

officials or that his federal sentence was properly computed to

commence on the date that it was imposed.  Nor do we disagree with

the respondent that the petitioner's situation does not fit the

typical situation where the BOP designates a non-federal

institution for service of the federal sentence.  Nevertheless,

7

pursuant to 18 U.S.C. § 3621(b), the BOP still has the authority to designate a non-federal institution as the place for service of the remainder of the petitioner's federal sentence.

The respondent also asserts that neither the federal sentencing court nor the BOP can control how the state sentence is computed as the state sentence is governed by state law.  We do not disagree.  However, the BOP has the statutory authority pursuant to 18 U.S.C. § 3621(b) to designate a non-federal institution as the place for service of the remainder of the petitioner's federal sentence, which designation would give effect, to the extent still possible, to Judge Hurd's recommendation that the petitioner's federal sentence run concurrent with his state sentence.

The respondent contends that the petitioner has no standing to challenge the manner in which primary jurisdiction is exercised between two sovereigns.  We do not disagree.  However, the petitioner is not challenging the fact that he is in the primary custody of federal authorities.  Rather, he is seeking to have the BOP transfer him to state custody and designate the state institution as the place for service of the remainder of his sentence.  The BOP has the statutory authority to do that.

The respondent asserts that the BOP has no ability to ensure that the New York State Department of Corrections will take custody of an inmate who is in the primary custody of the BOP absent some agreement for New York to house the inmate as a boarder, that the BOP incurs significant costs when it boards an inmate and that such boarding normally occurs only when the inmate presents an extremely unusual security concern, which the petitioner in this case does not.   However, the respondent has not asserted whether or not the BOP in fact has an agreement with New York regarding boarding inmates and he has not asserted that cost was a reason that the BOP has refused to designate a non-federal institution as the place for the service of the remainder of the petitioner's sentence.   Moreover, as the respondent points out later in its supplemental response, primary jurisdiction may be relinquished by the mutual agreement of the two jurisdictions. The respondent has not indicated that there could not be agreement between the BOP and New York such that the BOP relinquishes primary custody of the petitioner, transfers the petitioner to the custody of New York and designates the New York state facility as the place for the service of the remainder of the petitioner's federal sentence.

An inmate has no right to be confined in any particular prison or to be transferred to any particular prison, and the

decision whether or not to designate a non-federal institution as the place for service of a prisoner's federal sentence is within the discretion of the BOP.  However, in the instant case it does not appear that the BOP has exercised its discretion to determine whether or not to designate a non-federal institution for service of the petitioner's sentence.  Rather, it appears that BOP officials in this case have mistakenly assumed that because the petitioner is in the primary custody of the BOP and because his case does not fit into the paradigm of the typical case where a non-federal institution is designated for serve of federal sentence, it does not have the authority to make such a designation.  The BOP does have such authority and it is required to consider the factors listed in 18 U.S.C. § 3621(b) in exercising its discretion in determining whether or not to designate a state facility for service of the remainder of the petitioner's sentence.

The BOP has the discretion to refuse to designate a non-federal institution for service of the remainder of the petitioner's federal sentence.  However, the BOP's exercise of its discretion about such a placement decision must be based, at least in part, on the § 3621(b) factors, one of which is the recommendation of the sentencing court.

10

A federal prisoner may use 28 U.S.C. § 2241 to challenge the execution of his sentence. *Woodall, supra,* 432 F.3d at 243-44 (holding the federal prisoner's challenge to BOP's regulations regarding placement in community corrections centers is a proper challenge to the execution of his sentence which may be brought by way of a 28 U.S.C. § 2241 habeas corpus petition).  A writ of habeas corpus is an appropriate means of compelling the BOP to exercise its discretion about whether to designate a non-federal institution as the place for service of a federal prisoner's sentence. *See Barden, supra,* 921 F.2d at 483.[1]

An appropriate remedy in this case is an order requiring the BOP to consider - in good faith - whether or not a non-federal institution in the state of New York should be designated as the place for the petitioner to serve the remainder of his federal sentence.  "In making this decision, the BOP should consider the

---

[1] The respondent contends that the designation of a non-federal institution in the state of New York as the place for service of the petitioner's federal sentence would have no effect on the fact or duration of the petitioner's federal sentence and, thus, the petitioner's claim can not be reviewed by way of a habeas petition. However, as mentioned above, a 28 U.S.C. § 2241 habeas petition may be used to challenge the execution of a federal prisoner's sentence. *See Woodall, supra,* 432 F.3d at 243-44.  Moreover, designation of a non-federal institution in the state of New York as the place for service of the remainder of the petitioner's federal sentence would have the effect of making the remainder of the petitioner's federal sentence concurrent with his state sentence and, thus, would decrease the overall amount of time that the petitioner has to serve in custody.

11

sentencing judge's recommendation and the other § 3621 factors, as well as any other appropriate factors the BOP routinely considers." *Woodall, supra,* 432 F.3d at 251.

It is recommended that the petition for a writ of habeas corpus be granted to the extent that the BOP is ordered to consider – in good faith – whether or not a non-federal institution in the state of New York should be designated as the place for the petitioner to serve the remainder of his federal sentence.[2]

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  June 16, 2008.

---

[2]  Given that the projected satisfaction date of the petitioner's federal sentence is December 22, 2008, and, therefore, time is of the essence, we issue this report and recommendation without waiting for either the petitioner to file a reply brief or the time for the petitioner to file a reply brief to expire.

12