## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH MCCAULEY,** | : | **CIVIL ACTION NO. 1:08-CV-0528** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN WILLIAMSON,** | : | |
| | : | |
| **Respondent** | : | |

### <u>ORDER</u>

AND NOW, this 14th day of July 2008, upon consideration of the report of the

magistrate judge (Doc. 12), to which no objections were filed, recommending that the

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be granted in part

and denied in part, and, following an independent review of the record, it appearing that

petitioner seeks to be transferred to the custody of the State of New York Department of

Corrections for the remainder of his federal sentence in order to effectuate the federal

sentencing judge's determination that his federal and state sentences should run

concurrently (<u>see</u> Doc. 1 at 10),[1] that the Bureau of Prisons ("BOP") has the authority to

"at any time . . . direct the transfer of a prisoner from one penal or correctional facility to

---

[1] The court notes that a prisoner may utilize a § 2241 habeas corpus petition
to challenge the execution of his or her sentence, including the BOP's
determination of his or her location of confinement.  <u>See</u> <u>Woodall v. Fed. Bureau of
Prisons</u>, 432 F.3d 235, 243-44 (3d Cir. 2005).

another," see 18 U.S.C. § 3621(b),[2] that the BOP can designate a state institution as the proper facility for service of a federal sentence, see Shumate v. United States, No. 3042602, 2006 WL 83506, at *4 (M.D. Pa. Jan. 12, 2006), and that "[c]oncurrent service of federal and non-federal sentences in a non-federal institution occurs when the [BOP] designates a non-federal institution for service of a federal sentence," BUREAU OF PRISONS' PROGRAM STATEMENT 5160.05 ¶ 9(b), and the court finding that BOP officials have mistakenly failed to consider whether petitioner's designation to a non-federal facility would be appropriate in this case (see Docs. 7, 11), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 15) is ADOPTED.

2. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is GRANTED as follows:

   a. The BOP is ORDERED to exercise its discretion in determining whether or not to designate a New York state facility for service of the remainder of petitioner's federal sentence.

   b. The remainder of the petition (Doc. 1) is DENIED.

3. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).

4. The Clerk of Court is directed to CLOSE this case

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] The BOP must consider the following factors when determining an appropriate place of imprisonment: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) *any statement by the court that imposed the sentence . . .* ; and (5) any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. § 3621(b) (emphasis added).